IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS B. ELLIS,

    Plaintiff,

v.

A. NAVARRO, et al.,

    Defendants.

No. C 07-02484 SBA (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a <u>pro se</u> complaint under 42 U.S.C. § 1983. He seeks leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915. Plaintiff has not exhausted California's prison administrative process, however.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Id.</u> (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file

1  appeals alleging misconduct by correctional officers/officials. <u>Id.</u> § 3084.1(e).  In order to exhaust

2  available administrative remedies within this system, a prisoner must proceed through several levels

3  of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form,

4  (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director

5  of the California Department of Corrections.  <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal.

6  1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review

7  satisfies the exhaustion requirement under § 1997e(a).  <u>Id.</u> at 1237-38.

8      Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by

9  defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).

10 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).   However, a complaint may be dismissed

11 by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to

12 exhaustion applies."  <u>Id.</u> at 1120.  Here, Plaintiff concedes he has not exhausted his administrative

13 remedies.  Plaintiff has not presented any extraordinary circumstances which might compel that he

14 be excused from complying with PLRA's exhaustion requirement.  <u>Cf.</u> <u>Booth</u>, 532 U.S. at 741 n.6

15 (courts should not read "futility or other exceptions" into § 1997e(a)).

16     Accordingly, Plaintiff's request to proceed <u>in forma pauperis</u> (docket no. 2) is DENIED, and

17 the complaint is DISMISSED without prejudice to refiling after exhausting California's prison

18 administrative process.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action

19 must be dismissed without prejudice unless prisoner exhausted available administrative remedies

20 before he filed suit, even if prisoner fully exhausts while the suit is pending).

21     The Clerk of the Court shall enter judgment in accordance with this Order and close the file.

22 No filing fee is due.

23     This Order terminates Docket no. 2.

24     IT IS SO ORDERED.

25 DATED: 5/29/07

   *Saundra B Armstrong*
26 SAUNDRA BROWN ARMSTRONG
   United States District Judge

P:\PRO-SE\SBA\CR.07\Ellis2484.dismiss.frm     2

<div style="writing-mode: vertical-rl">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS B ELLIS,

        Plaintiff,

  v.

A NAVARRO et al,

        Defendant.

Case Number: CV07-02484 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nicholas Bart Ellis K-16024
Pelcian Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: May 29, 2007

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Ellis2484.dismiss.frm     3